UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PHILLIP ANDREW EVANS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 2:16-cv-307-WTL-MJD |
| | ) |
| VIGO COUNTY COMMISSIONERS, | ) |
| SHERIFF GREG EWING, DR. EMERSON, | ) |
| QUALITY CORRECTIONAL CARE, | ) |
| VIGO COUNTY, NURSE DIANE, | ) |
| | ) |
| Defendants. | ) |

**Entry Dismissing Insufficient Claims and Directing Further Proceedings**

**I. Screening**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), a pretrial detainee at the Vigo County Jail, this Court has an obligation under 28 U.S.C. § 1915A to screen his complaint and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008). Nonetheless, "[p]ro se

litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the Court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

The plaintiff's federal claim is brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997). Here, the plaintiff's alleges the defendants were deliberately indifferent to a serious medical need in violation of the Fourteenth Amendment when they would not allow him to continue his prescription for hydrocodone, Percocet and morphine.[1] This caused his to suffer pain and difficulty

---

[1] Although it is unclear whether or at what point the plaintiff became a convicted offender, his allegations concerning the conditions of his confinement at the Jail will in this case be analyzed under the standards of the Eighth Amendment. This is because the due process rights of a pre-trial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner, *Revere v. Massachusetts General Hosp.,* 463 U.S. 239 (1983); *Hall v. Ryan,* 957 F.2d 402, 404 (7th Cir. 1992), and an act or practice that violates the Eighth Amendment also violates the Fourteenth Amendment rights of a pre-trial detainee, *Bell v. Wolfish,* 441 U.S. 520, 536 n.16;  (1979); *Martin v. Tyson,* 845 F.2d 1451, 1456 (7th Cir. 1988).

with daily tasks. He seeks injunctive relief in the form of being prescribed his medications again. He also seeks money damages.

## II. Insufficient Claims

**1.** The claims against the Vigo County Commissioners and Vigo County are **dismissed** as legally insufficient because it is the Sheriff who is responsible for the care of prisoners within a jail, and a county does not control or direct the manner in which that responsibility is met. *Estate of Drayton v. Nelson*, 53 F.3d 165, 167 (7th Cir. 1994) ("Marion County has no authority over the Sheriff and his deputies . . . ."); *Weatherholt v. Spencer County*, 639 N.E.2d 354, 357 n.2 (Ind. Ct. App. 1994)("the sheriff is not a representative of the county but he holds a separate office created by the Indiana Constitution.").

**2**. The claims against **Sheriff Greg Ewing are dismissed.** The plaintiff alleges that Sheriff Ewing entered into a contract for medical care with Correctional Care and he received deficient care from Correctional Care staff. However, there are no allegations of wrong doing on his part. *See Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")(*citing Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)). If an official, who is not otherwise responsible for allegedly unconstitutional conditions or actions, could be held liable upon being notified by the plaintiff, then a plaintiff could choose to bring any and all officials within the scope of liability simply by writing a series of letters. To allow liability to be based upon "such a broad theory. . . [would be] inconsistent with the personal responsibility requirement for assessing damages against public officials in a § 1983 action." *Crowder v. Lash*, 687 F.2d 996, 1006 (7th

Cir. 1982); *Vance v. Rumsfeld*, 701 F.3d 193, 204, 2012 WL 5416500, 10 (7th Cir. 2012) (knowledge of subordinates' misconduct is not enough for liability).

**3**. Similarly, any claims Quality Correctional Care are **dismissed.** The reason for this is that this defendant, whether private corporations or a municipal entity, are not vicariously liable under 42 U.S.C. § 1983 for the alleged misdeeds of their employees, but if the injury alleged is the result of a policy or practice. *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816 (7th Cir. 2009). No such claim is present in the complaint.

**4**. The plaintiff also alleges violations of the Rehabilitation Act, 29 U.S.C. §§ 794–94e, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111–213. Prisons and jails are public entities covered by the ADA. *See, Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998). And Title II applies to prisoners*. Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000).

Title II of the ADA prohibits state and local entities from discriminating against any qualified individual with a disability in programs, services, and activities. 42 U.S.C. § 12132.

> To establish a violation of Title II, [a] plaintiff must show: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

*Tyler v. City of Manhattan*, 857 F.Supp. 800, 817 (D. Kan.1994).

The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable modifications to the rules, policies, or practices, removal of architectural, communication or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation

in the programs or activities provided by a public entity. 42 U.S.C. § 12131. The plaintiff alleges he is disabled American based on an alleged neurological disorder and an inability to use his hand.

Title II only provides for damages if a public official intentionally discriminates because of disability. See *Bd. of Educ. of Twp. High Sch. Dist. No. 211 v. Ross*, 486 F.3d 267, 278 (7th Cir.2007). Here, the plaintiff has not shown that he suffered any discrimination as a result of his disability. In fact, he has not set forth any facts that support a conclusion or even an inference that he suffered discrimination based on his disability. As best, the plaintiff has stated enough facts to allow a claim for deliberate indifference to a serious medical condition pursuant to the Eighth Amendment to proceed through the screening process. Furthermore, the plaintiff has not set forth sufficient facts that he is a qualified individual with a disability to rise above the speculative level. To state a claim upon which relief can be granted, "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Here, there are insufficient facts to support a claim under the Rehabilitation Act and the ADA. The claims are **dismissed.**

### III. Claims that May Proceed

The plaintiff's Eighth Amendment claim against Nurse Diane and Dr. Emerson for deliberate indifference to a serious medical need when they removed him from medication which resulted in his suffering from pain in his hand and difficulty with daily tasks **may proceed**.

### IV. Further Proceedings

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Nurse Diane and Dr. Emerson in the manner specified by Rule 4(d). Process shall consist of the

complaint filed on July 29, 2016, (dkt. 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

No partial final judgment shall issue at this time as to the claims resolved in Section II of this Entry.

**The clerk is instructed** to update the docket to reflect the dismissal of Sheriff Greg Ewing, the Vigo County Commissioners, Quality Correctional Care, and Vigo County from this action.

**IT IS SO ORDERED**.

Date: 11/17/16

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.

Distribution:

Phillip Andrews Evans
Vigo County Jail
201 Cherry Street
Terre Haute, IN 47807

*William T Lawrence*
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Nurse Diane
Dr. Emerson
Vigo County Jail
201 Cherry Street
Terre Haute, IN 47807